# STATE OF MICHIGAN

# COURT OF APPEALS

In the Matter of OLIVE/METTS, Minors.

UNPUBLISHED
July 30, 2015

No. 323921
Wayne Circuit Court
Family Division
LC No. 07-473724-NA

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent father appeals as of right from the trial court's order terminating his parental rights to the children under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist); (c)(*ii*) (other conditions exist that have not been rectified), (g) (failure to provide proper care or custody); (h) (parent imprisoned and children deprived of normal home for more than two years); and (j) (children will be harmed if returned to parent's home).[1] We affirm.

Respondent first argues that the trial court violated his constitutional and statutory rights by placing his children in foster care, requiring him to comply with a treatment plan, and terminating his parental rights, without adjudicating his fitness as a parent. "Whether child protective proceedings complied with a parent's right to procedural due process presents a question of constitutional law, which we review de novo." *In re Sanders*, 495 Mich 394, 403-404; 852 NW2d 524 (2014). "[D]ue process requires that every parent receive an adjudication hearing before the state can interfere with his or her parental rights." *Id.* at 415. Once a statutory ground for termination has been proven, the trial court must find by a preponderance of the evidence that termination is in the child's best interests before it can terminate parental rights. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182, lv den 495 Mich 856 (2013).

The children came into care because of abuse and neglect by their mother and respondent's inability to care for them because of his incarceration. An adjudication hearing was held May 19, 2011, where the mother pleaded no contest to allegations in the petition that

---

[1] The parental rights of the children's mother were terminated under a separate order, which this Court affirmed with regard to the two children at issue in this appeal. *In re Olive/Metts*, 297 Mich App 35; 823 NW2d 144 (2012).

concerned her.  Respondent argues that he did not receive an adjudication finding for his ability to care for his children.  Specifically, respondent argues that the one-parent doctrine, focusing on the mother's inability to care for the children, should not apply and her inability should not deprive him of his parental rights.  The Supreme Court has determined that the one-parent doctrine is unconstitutional.  *In re Sanders*, 495 Mich at 401.  However, contrary to respondent's argument, the trial court also adjudicated his parental fitness at the May 19, 2011 hearing, where respondent testified that he was unable to care for his children due to his incarceration.  The trial court found that the children came within its jurisdiction based, in part, on respondent's admission.  Furthermore, the one-parent doctrine was not applied here since the court determined the respondent's ability to care for the children separate from the mother's.  Respondent's argument that his parental fitness was not adjudicated is without merit.

Respondent next argues that the trial court erred in finding that petitioner made reasonable efforts to reunite him with the children.  The trial court's findings of fact, including a finding that the petitioner made reasonable efforts toward reunification, are reviewed for clear error.  *In re Fried*, 266 Mich App 535, 541-543; 702 NW2d 192 (2005).  A decision is clearly erroneous only when this Court "is left with a definite and firm conviction that a mistake has been made."  *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010) (quotation marks and citations omitted).  Generally, the "petitioner must make reasonable efforts to rectify conditions, to reunify families, and to avoid termination of parental rights."  *In re LE*, 278 Mich App 1, 18; 747 NW2d 883 (2008); MCL 712A.18f; MCL 712A.19(7); see also MCL 712A.19b(5).  "The state is not relieved of its duties to engage an absent parent merely because that parent is incarcerated."  *Mason,* 486 Mich at 152.

The trial court did not clearly err in its findings of fact.  The evidence in this case showed that petitioner did make reasonable efforts to reunite respondent with the children.  Respondent argues that petitioner is required to facilitate "regular visits or contact" between him and the children.  Respondent argues no facilitation occurred because no face-to-face visits occurred.  However, respondent did have contact with the children through regular phone conversations that petitioner arranged.  Respondent has failed to provide any authority that contact must be face-to-face.

Furthermore, petitioner investigated the relatives that respondent suggested as possible placements for the children during his incarceration.  Respondent argues that there is no record that petitioner followed up with the suggested relatives.  This Court's review of the record clearly indicates petitioner attempted to contact respondent's brother multiple times, however was unable to reach him.  Respondent also argues that petitioner made "hasty" decisions regarding the possible placements with relatives.  Specifically, respondent stated that Ms. Kelly Burdell, a foster care worker, "ignored and disregarded" respondent's possible placements because the possibility of relative placements did not sway her recommendation for termination.  However, respondent's argument of Ms. Burdell's interpretations is inaccurate and taken out of context.  After actually visiting and investigating the home of a possible relative placement and speaking with another foster care worker who visited the home of another possible relative placement, Ms. Burdell determined she did not think the homes were fit for children with special needs.  Furthermore, Ms. Burdell felt the relatives were only recently coming forward, had never been in the children's lives before, and did not know the severity of the children's needs.  Thus,

the possible placements with those relatives did not change her professional opinion for termination.

In addition, petitioner sent respondent a copy of his treatment plan on at least three occasions. Respondent also had the opportunity to be present, at least by telephone, at all stages of the proceedings. Given the circumstances, the trial court did not clearly err in finding that petitioner made reasonable efforts to reunite respondent with the children. Moreover, we note that the trial court did not terminate respondent's parental rights on the basis that he failed to comply with the treatment plan. Rather, the court noted that respondent complied with the plan to the best of his ability, but concluded that termination was nevertheless warranted because respondent was unable to provide proper care or custody for his children during his incarceration. Respondent has not shown clear error in the trial court's findings regarding petitioner's reasonable efforts to reunite him with the children.

Respondent next argues that the trial court clearly erred in finding that a statutory ground for termination was proven by clear and convincing evidence. To terminate parental rights, a court must find "clear and convincing evidence that one or more of the statutory criteria are met." *In re Rood*, 483 Mich 73, 101; 763 NW2d 587 (2009). This Court reviews a trial court's finding that statutory grounds for termination exist under the clearly erroneous standard. MCR 3.977(K); *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). "A finding of fact is clearly erroneous where the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Terry*, 240 Mich App 14, 22; 610 NW2d 563 (2000).

The trial court did not clearly err in finding that the statutory grounds for termination set forth in MCL 712A.19b(3)(c)(*i*), (g), (h), and (j) were proven by clear and convincing evidence.

MCL 712A.19b(3)(c)(*i*) states that the court may terminate a parent's rights to a child if "[t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age." Respondent had been incarcerated since 2008. At the adjudication hearing in May 2011, respondent testified that he was incarcerated, with an earliest release date in August 2014, and he was unable to care for the children. At the time of the permanent custody hearing, which took place from May through July 2014, the evidence showed that respondent remained in prison, had received 32 misconduct citations while in prison, had recently been denied parole, and would next be considered for parole in the summer of 2016. Respondent admitted that he was not personally able to care for the children because of his incarceration. The relatives that respondent had suggested as placements for the children either were not suitable or were not available. The foster care worker testified that it was not appropriate for the children to have to wait another two years for permanency and stability. Thus, the condition that led to the adjudication continued and was not likely to be rectified within a reasonable time frame. Given the age and needs of the children, the trial court did not err in finding statutory grounds for termination under MCL 712A.19b(3)(c)(*i*).

MCL 712A.19b(g) states that the court may terminate a parent's rights if "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." As stated above, respondent admitted inability to

-3-

provide care and custody for the children while he was incarcerated, and the suggested relatives were not suitable or available to provide proper care and custody for the children. The record indicates this would likely not change in a reasonable time. Therefore, the trial court did not err in applying MCL 712A.19b(g) as an appropriate statutory ground for termination.

A court may terminate a parents rights under MCL 712A.19b(h) if:

The parent is imprisoned for such a period that the child will be deprived of a normal home for a period exceeding 2 years, and the parent has not provided for the child's proper care and custody, and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

The adjudication hearing took place in May 2011. In July 2014, it was determined that respondent's earliest possible parole date would be August 2016. This exceeds the two year statutory period. The foster care workers determined given the children's age and special needs, the children needed stability and permanency before, at best, another two years passed. Thus, the trial court did not err in applying MCL 712A.19b(h).

MCL 712A.19b(j) allows for the termination of a parent's rights if "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent." Respondent was in prison for assault with intent to do great bodily harm less than murder after shooting the victim in the leg. Respondent was a fourth habitual offender. Furthermore, while in prison respondent was segregated from the rest of the prison population after 32 misconducts incidents. Based on these facts, the trial court did not err in finding there is a reasonable likelihood the children would be harmed if placed back in the home of respondent.

However, the court did clearly err in finding MCL 712A.19b(3)(c)(*ii*) as grounds for termination, which states the court may terminate a parent's rights if:

Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that he conditions will be rectified within a reasonable time considering the child's age.

It was determined at the adjudication hearing that respondent was not able to personally care for his children due to incarceration. No additional conditions arose that needed to be rectified by respondent after adjudication, and thus, this section would not apply. Although the trial court erred applying this section, that error was harmless where other grounds were clearly established. *In re Huisman*, 230 Mich App 372, 384-385; 584 NW2d 349 (1998), overruled in part on other grounds, *In re Trejo*, 462 Mich at 352-353, n 10.

The trial court also did not clearly err in its determination that termination of respondent's parental rights was in the children's best interests. MCL 712A.19b(5). While there

was evidence that respondent loved the children and made efforts to be involved in their lives to the extent possible, there was clear evidence that he had been unable to provide care for them since they were brought into care in 2011, and that he would remain unable to do so in the foreseeable future. Although respondent suggested his brother and aunt as possible placements for the children during his incarceration, the relatives were evaluated and found to be either unavailable or unsuitable. Considering the ages of the children and their special needs, the court did not clearly err in finding that the children's need for permanence and stability outweighed any bond with respondent.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause